# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**SYDNEY SMITH,**

    **Plaintiff,**

**vs.**                                                       **Case No. 4:17cv309-RH/CAS**

**FLORIDA DEPARTMENT OF CORRECTIONS, OFFICE OF THE INSPECTOR GENERAL,**

    **Defendant.**

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner proceeding pro se, initiated this case by filing a complaint alleging non-compliance with the Freedom of Information Act [hereinafter "FOIA"].  ECF No. 1.  Plaintiff filed an amended complaint on July 27, 2017, naming the Florida Department of Corrections, Office of the Inspector General as the Defendant.  ECF No. 4.  Plaintiff filed an amended motion for in forma pauperis status on August 22, 2017, ECF No. 7, and that motion has been granted in a separate Order entered this day.  Accordingly, Plaintiff's amended complaint, ECF No. 4, has been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff's case has been filed pursuant to 5 U.S.C. § 552(a). ECF No. 4 at 1. Plaintiff states that he submitted a request to the Inspector General's Office for the Florida Department of Corrections seeking information on six cases. *Id.* at 2. He indicates three cases were "open" and three were closed. Plaintiff's request was deferred and he was advised "that 'exceptional need' is a prerequisite." *Id.*[1] Plaintiff does not indicate whether he took additional steps to obtain the information. Rather, Plaintiff contends that he "requires the information to prepare briefs in two (2) separate 1983 claims of racial discrimination and missing property in tribunal and federal courts." *Id.* Plaintiff's requested remedy is a court order directing "the withholding agency to release the results of the aforementioned investigations." ECF No. 4 at 4.

The statute upon which Plaintiff relies for jurisdiction is commonly referred to as the Freedom of Information Act, 5 U.S.C. § 552. The Act "generally requires federal agencies to disclose records in their possession

---

[1] Plaintiff's amended complaint points to exhibits submitted with the original complaint. ECF No. 1. Exhibit B indicates Plaintiff's request was construed as a "public records request for records for information in the Department of Corrections' files." ECF No. 1 at 8. Exhibits B advises Plaintiff that he must demonstrate "exceptional need," show the "information is otherwise unavailable" under FLA. STAT. § 945.10(3), and submit proper payment to receive the documents requested. *Id.*

Case No. 4:17cv309-RH/CAS

upon request" unless "one of several exemptions applies . . . ." <u>News-Press v. U.S. Dep't of Homeland Sec.</u>, 489 F.3d 1173, 1189 (11th Cir. 2007).  The purpose of the Act is to provide "public access to information in the possession of federal agencies." <u>News-Press</u>, 489 F.3d at 1190.  The Act defines "agency" as "each authority of the Government of the United States, whether or not it is within or subject to review by another agency," with several exceptions.  5 U.S.C. § 551.  The Act does not apply to state agencies.  <u>Ferguson v. Alabama Criminal Justice Info. Ctr.</u>, 962 F. Supp. 1446, 1447 (M.D. Ala. 1997).  Therefore, Plaintiff's amended complaint is insufficient on its face because he does not seek records of a federal agency.  This case should be dismissed.

**RECOMMENDATION**

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 4, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of

Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 6, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:17cv309-RH/CAS